UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE MCDOUGALD,

    Plaintiff,

vs.

JEREMY EACHES, *et al.,*

    Defendants.

Case No. 1:18-cv-80

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

**I.    Background**

On February 5, 2018, Plaintiff Jerone McDougald, an inmate at the Southern Ohio Correctional Facility ("SOCF") and frequent filer in this Court, was granted leave to initiate this lawsuit *in forma pauperis*.[1]

Plaintiff did not comply with the requirement that he submit service copies of his complaint until being ordered to do so a second time. (Doc. 5). However, service copies were finally received on April 2, 2018, and the Court thereafter directed service.[2]

---

[1] Court records reflect that Plaintiff has filed 24 cases in this Court, including the above-captioned case. Based upon his history of filing frivolous litigation, Plaintiff is currently prohibited from filing additional lawsuits *in forma pauperis* based upon the "three strikes" provision of 28 U.S.C. § 1915(g), absent a showing that he is entitled to a statutory exception. *See e.g.*, Case Nos. 1:08-cv-744 (closed); 1:11-cv-790 (closed), 1:16-cv-317 (closed); 1:16-cv-497 (closed); 1:16-cv-500 (closed); 1:16-cv-545 (closed); 1:16-cv-565 (closed); 1:16-cv-633 (closed); 1:16-cv-900 (closed); 1:16-cv-1099 (closed); 1:17-cv-72 (closed); 1:17-cv-91 (closed); 1:17-cv-95 (closed); 1:17-cv-124; 1:17-cv-127 (closed); 1:17-cv-196 (closed); 1:17-cv-464 (closed); 1:18-cv-80; 1:18-cv-93; 1:18-135 (closed); 1:18-cv-498 (discussing three-strikes bar); 1:18-cv-523 (closed, discussing three-strikes bar); 1:19-cv-50; and 1:19-cv-107. At present, six of Plaintiff's cases remain open.

[2] By the time that Plaintiff filed the requisite service copies of his complaint, he had earned his "third strike" in *McDougald v. Stone*, Case No. 1:17-cv-72 (Dlott, J., Bowman, M.J.) (S.D. Feb. 1, 2017) (Docs. 5, 17. 20, 26, 27) (final R&R adopted on 3/13/18, dismissing case for failure to state a claim upon which relief may be granted); *see also McDougald v. Sammons*, Case No. 1:17-cv-91 (Barrett, J., Bowman, M.J.) (S.D. Ohio Feb. 10, 2017) (Docs. 7, 10, 11) (R&R adopted on 3/15/18, dismissing case for failure to state a claim upon which relief may be granted); *McDougald v. Ahmad*, Case NO. 1:16-cv-500 (Dlott, J., Bowman, M.J.) (S.D. Ohio Apr. 28, 2016) (Docs. 27, 34, 35) (R&R adopted on 9/8/17, dismissal for judgment on the pleadings for failure to state a claim). Based upon the date on which Plaintiff tendered his initial complaint in this case, however, the undersigned assumes that *in forma pauperis* status was properly granted.

1

Defendants filed answers on June 7, and July 31, 2018.[3] (Docs. 12, 18).

In addition to being a frequent filer of new cases, Plaintiff is prolific in his motion practice. Consistent with that practice, Plaintiff has filed a <u>fourth</u> motion to amend or correct his complaint in this case. (Doc. 23). The undersigned takes judicial notice of the fact that Plaintiff filed virtually the same motion on the same date in Case No. 1:18-cv-93 (*see id.*, Doc. 49) and previously filed a similar motion in Case No. 1:18-cv-498 in an effort to avoid the "three strikes" bar. (*Id., see* Doc. 8).[4]

**II. Analysis**

Leave to amend is freely granted "when justice so requires." Rule 15(a)(2). Two earlier motions to amend were granted,[5] despite procedural irregularities, in part because this case was then in its infancy and none of the Defendants opposed those amendments. However, the undersigned expressly warned Plaintiff: "Because this Order generously permits two amendments and further amendment to Plaintiff's complaint would be presumptively prejudicial to Defendants given the current discovery schedule, <u>no further amendments will be permitted absent a strong showing of good cause</u>." (Doc. 20, 9/27/18 Order, emphasis original).

Discovery closed on March 1, 2017, several days before Plaintiff filed his most recent motion to amend. Plaintiff fails to explain any "good cause" for seeking a fourth amendment. Unlike his prior motions, Defendants strongly oppose Plaintiff's fourth attempt to amend his complaint. (Doc. 25).

---

[3]In his answer, the Defendant identified as "Fry" indicates that his surname is spelled "Fri."
[4]A showing of "imminent danger" is generally required for an otherwise barred prisoner to regain *in forma pauperis* status to file a new case after earning "three strikes" under the PLRA. Here, however, Plaintiff's motion to add imminent danger is not needed because he has already been granted in forma pauperis status in this case.
[5]Plaintiff's third motion to amend his complaint was denied as moot, because it was "entirely duplicative" of his second motion to amend.

Fed. R. Civ. P. 15(a)(2), provides that leave to amend may be denied for: (1) undue delay, (2) lack of notice to the opposing party, (3) bad faith, (4) repeated failure to cure in prior amendments, (5) prejudice to the opposing party, or (6) futility of the amendments. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227 (1962); *Perkins v. American Elec. Power Fuel Supply, Inc.,* 246 F.3d 593, 605 (6th Cir.2001). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.,* 408 F.3d 803, 817 (6th Cir.2005). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim that is plausible. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955 (2007).

Plaintiff's motion is not well-taken. Plaintiff ostensibly seeks to amend his complaint at this late date "to add facts of imminent and impe[n]ding danger to my request for Temporary Restraining Order." (Doc. 23 at 2). However, no motion for a TRO is pending in this case. In addition, as the Defendants point out the proposed amendment attempts to assert new allegations that are wholly disconnected from the original complaint. Furthermore, Plaintiff's proposed amendment is futile because it fails to state a claim upon which relief may be granted by this Court, because he alleges only verbal statements by individual Defendants. *See Johnson v. Jones*, Case No. 1:18-cv-43, 2019 U.S. Dist. LEXIS 12828 at *8 (Jan. 28, 2019) (citing *Ivey v. Wilson*, 832 F.2d 950) (6th Cir. 1987)). Last, discovery is closed and it would be unduly prejudicial to Defendants to allow a fourth amendment.

In sum, the undersigned finds that Plaintiff has failed to show good cause for a fourth amendment, which would be unduly prejudicial. The proposed amendment would

3

not survive a motion to dismiss.  It is therefore **RECOMMENDED** that Plaintiff's motion for leave to amend (Doc. 23) be **DENIED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE MCDOUGALD,

    Plaintiff,

        vs.

JEREMY EACHES, *et al.*,

    Defendants.

Case No. 1:18-cv-80

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

5